```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
THOMAS GESUALDI, LOUIS BISIGNANO,                           :
DOMINICK MARROCCO, ANTHONY                                  :
PIROZZI, JOSEPH A. FERRARA, SR., FRANK                      :   **MEMORANDUM**
H. FINKEL, MARC HERBST, DENISE                              :   **DECISION AND ORDER**
RICHARDSON, THOMAS F. CORBETT, and                          :
ANTHONY D'AQUILA, as Trustees and                           :   11 Civ. 6168 (BMC)
Fiduciaries of the Local 282 Welfare Trust Fund,            :
the Local 282 Pension Trust Fund, the Local 282             :
Annuity Trust Fund, the Local 282 Job Training              :
Trust Fund, and the Local 282 Vacation and Sick             :
Leave Trust Fund,                                           :
                                                            :
                              Plaintiffs,                   :
                                                            :
             -against-                                      :
                                                            :
HEAVY EQUIPMENT LEASING CORP. d/b/a                         :
HEAVY EQUIPMENT LEASING CO.,                                :
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X
```

**COGAN, District Judge.**

Before me is plaintiffs' motion for default judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiffs are the trustees and fiduciaries of the above-captioned employee benefit plans, collectively referred to as the "Local 282 Trust Funds," who brought this action against Heavy Equipment Leasing Corp. ("Heavy") for relief pursuant to Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1145. Plaintiffs allege that Heavy has failed to make contributions to the Local 282 Trust Funds in violation of a collective bargaining agreement.

Plaintiffs commenced this action by filing a Complaint and Summons on December 20, 2011, and served Heavy with a copy on December 23, 2011. Plaintiffs filed proof of service with the Court on January 4, 2012. Heavy has not answered or otherwise appeared in this action, and the time to do so has expired. On January 24, 2012, the Clerk of the Court entered default against Heavy pursuant to Fed. R. Civ. P. 55.

## DISCUSSION

1. **Damages**

In light of Heavy's default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting a default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." According to the Second Circuit, however, it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

In support of their motion for default judgment, plaintiffs submitted the declarations of attorney David R. Hock and Joseph Puccio, a member of the Collections Department of the Local 282 Trust Funds. These declarations exhibit a copy of the collective bargaining agreement; a copy of the Trust Agreement governing the Local 282 Trust Funds; audit reports showing Heavy's unpaid contributions; documentation supporting plaintiffs' request for costs

and attorneys' fees, such as invoices and contemporaneous time records[1]; spreadsheets summarizing the amounts due to plaintiffs; and remittance reports that Heavy submitted to plaintiffs, which are the employer's statement of the number of hours worked by its employees covered by the applicable collective bargaining agreement.

I find these submissions to be sufficient evidence to form the basis for an award of damages against Heavy in a total amount of $73,569.20. This represents damages for the categories provided in §1132(g)(2) of ERISA as follows:

(a) $36,563.19 in unpaid contributions for the months of October, 2011, November, 2011, and December, 2011;

(b) $4,727.35 in underpaid contributions for the months of July, 2011, and September, 2011;

(c) $2,888.42 in interest (plus additional pre-judgment interest accruing from February 8, 2012, at a daily rate of $20.37, to be calculated by the Clerk of the Court when Judgment is entered);

(d) $23,210.12 in liquidated damages; and

(e) $6,180.12 in attorneys' fees and costs.

---

[1] The Court notes that the rates charged by the senior associate and paralegals who worked on this case -- $250 per hour and $100 per hour, respectively – are within the range of rates deemed to be reasonable for an ERISA action in this district. See, e.g., Delucia v. Gateway, No. 10-CV-5705, 2011 WL 3511098, at *6 (E.D.N.Y. July 6, 2011) (approving an hourly rate of $250 for senior associate in an ERISA action); Ferrara v. PI Trucking Corp., No. 11-CV-0661, 2011 WL 7091562, at *4 (E.D.N.Y. Dec. 20, 2011), report and recommendation adopted by 2012 WL 21341 (E.D.N.Y. Jan. 24, 2012) (approving an hourly rate of $90 for paralegal work in an ERISA action). Furthermore, the number of hours expended on this case – 7.4 hours of attorney time and 31.6 hours of paralegal time – is reasonable for an ERISA default of this nature. See, e.g., Lanzafame v. A.B.M. Contracting Servs. Corp., No. 09-CV-4710, 2010 WL 3924670, at *5 (E.D.N.Y. Sept. 7, 2010), report and recommendation adopted by 2010 WL 3924670 (E.D.N.Y. Sept. 29, 2010) (holding that 57.9 hours spent on an ERISA default action was reasonable).

## CONCLUSION

The motion for a default judgment is granted. The Clerk is directed to enter judgment in the amount of $73,569.20 plus interest as set forth above.

**SO ORDERED.**

s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
February 9, 2012

4